IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA BOMBERGER, et al., | : |
| | : |
| Plaintiffs, | : CIVIL ACTION |
| | : |
| v. | : NO. 17-5298 |
| | : |
| AMERICAN AIRLINES, INC., | : |
| | : |
| Defendant. | : |

## MEMORANDUM

**Tucker, J.**                                                                                            **July __12th____, 2018**

      Defendant, American Airlines, Inc. asks this Court to dismiss Plaintiffs' Complaint or, in the alternative, transfer this matter to the United Stated District Court for the Middle District of Pennsylvania because: (1) this Court lacks personal jurisdiction over Defendant; (2) this Court is an improper venue; and (3) this Court is an inconvenient forum. For the reasons set forth below, the Court will transfer this matter to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

      On June 16, 2016, 65 year-old Plaintiff Tina Bomberger suffered a "subcapital fracture of her right hip" when Defendant's employee attempted to transport Plaintiff between terminals at Charlotte Douglas International Airport in Charlotte, North Carolina. (Pls.' Br. Resp. Def.'s Mot. 2–3, Doc. 7.) Plaintiffs Dennis and Tina Bomberger, customers of Defendant American Airlines, were traveling from Harrisburg, Pennsylvania to Phoenix, Arizona. After boarding Defendant's plane in Harrisburg, Plaintiffs flew to Charlotte where Plaintiffs were scheduled to board a connecting flight to Phoenix. Plaintiffs were transported between terminals by one of Defendant's employees using a golf cart. As Tina Bomberger was taking a step off of the cart, Defendant's employee began driving the cart away, causing Tina Bomberger to fall to the ground. Despite her injuries, Tina Bomberger was able to board the connecting flight to Phoenix. Upon her arrival in Phoenix, Tina Bomberger was transported to a hospital where she underwent surgery on her right hip.

      On November 24, 2017, Plaintiffs filed the instant action seeking to recover damages for Tina Bomberger's injuries and Dennis Bomberger's loss of consortium. On February 5, 2018, Defendant filed the instant motion to dismiss or, in the alternative, transfer the case to the United States District Court for the Middle District of Pennsylvania. Because the Court finds that personal jurisdiction is lacking in this forum, the Court will transfer the instant action to the

1

United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1631. Accordingly, the Court will not address Defendant's arguments regarding improper venue and forum non conveniens.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 4(e), a court may exercise personal jurisdiction over a non-resident defendant "to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co. v. Colelli*, 149 F.3d 197, 200 (3d Cir. 1998). Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5322, authorizes the Court to exercise personal jurisdiction over non-resident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment. In other words, under Pennsylvania's long-arm statute, the Court may exercise personal jurisdiction over a non-resident defendant as long as it is constitutional. *Id.*

"[T]he plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction . . ." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When determining whether personal jurisdiction may be asserted over a non-resident defendant, courts within the Third Circuit follow a two-step process. *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985). The first step in the analysis is to determine whether the cause of action arises from the defendant's forum or non-forum related activities. *Id.*

If the cause of action arises from the defendant's forum related activities, a court is said to have "specific personal jurisdiction" over the defendant. Courts within the Third Circuit conduct a three-part inquiry when determining whether specific personal jurisdiction exists. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the plaintiff must establish that the defendant "purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities." *Id.* (internal quotations omitted). If the first two requirements are met, "a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Id.* (internal quotations omitted).

If the claim arises from the defendant's non-forum related activities, the second step in the analysis is to determine whether general personal jurisdiction exists. That is, whether the defendant's affiliations with Pennsylvania were "so continuous and systematic as to render [the defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("Goodyear Dunlop"). Prior to the United States Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) ("Daimler"), defendants were understood to be subject to general jurisdiction where they were "doing business" by having "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). However, in *Daimler*, the Supreme Court rejected this standard. 571 U.S. at 138 ("Plaintiffs would have us . . . approve the

2

exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business. That formulation, we hold, is unacceptably grasping.") Instead, the Court suggested that the touchstone of the general personal jurisdiction inquiry is whether the defendant can be considered "at home" in the forum state. 571 U.S. at 122.

The typical forums in which a corporate defendant is at home are the corporation's place of incorporation and its principal place of business. *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). However, the exercise of general personal jurisdiction is not limited to these forums. *Id.* There may be exceptional cases where a corporate defendant's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19 (2014)).

### III. DISCUSSION

The Court finds that both specific and general personal jurisdiction over Defendant are lacking in this case.

#### A. The Court Lacks Specific Personal Jurisdiction Over Defendant.

The Court lacks specific jurisdiction over Defendant because Plaintiffs have not demonstrated that Defendant has purposefully directed its activities at Pennsylvania, or that this litigation is related to Defendant's activities in Pennsylvania. To establish specific personal jurisdiction Plaintiffs must demonstrate that: 1) Defendant purposefully directed its activities at the forum; and 2) Plaintiffs' cause of action arises from one of those activities. *O'Connor*, 496 F.3d at 317. If these two requirements are met, the Court may consider whether subjecting Defendant to personal jurisdiction "comports with fair play and substantial justice." *Id.* In its attempt to establish specific jurisdiction, Plaintiffs allege, without any factual proof, that "American Airlines[] represents the prominent air carrier in the Philadelphia area and the Commonwealth." (Pls.' Resp. Def.'s Mot. Dismiss, 10, Doc. 7.) Plaintiffs also point to the fact that Plaintiffs purchased their airline tickets in "Pennsylvania with the trip originating and ending in [Pennsylvania], where the case has been filed." (Pls.' Resp. Def.'s Mot. Dismiss, 10, Doc. 7.) However, these allegations are insufficient to meet Plaintiffs' burden of establishing that Defendant purposefully availed itself of the privilege of doing business within Pennsylvania. While the Court, at this juncture, must take all of Plaintiffs' well-pled factual allegations as true, the Court need not accept Plaintiffs' opinions or conclusions. Thus, Plaintiffs' unsupported allegation that Defendant represents the prominent air carrier in Pennsylvania can, in no way, assist Plaintiffs in establishing specific jurisdiction. Plaintiffs' allegation that they purchased their airline ticket in this forum also does not support a finding of specific jurisdiction because "the unilateral activity of those who claim some relationship with a nonresident defendant is insufficient" to establish personal jurisdiction. *O'Connor*, 496 F.3d at 317. Thus, Plaintiffs' airline ticket purchases, alone, do not establish personal jurisdiction. Finally, Plaintiffs argue that the fact that their flight commenced and ended in Philadelphia is sufficient to establish personal

3

jurisdiction. However, the mere fact that Defendant has planes that depart from, and land in, the forum state does not mean that Defendant "deliberately reached into Pennsylvania to target two of its citizens." *Id.* at 318; *see Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (finding personal jurisdiction lacking where the defendant used its planes in the forum state).

Even if Plaintiffs were able to establish that Defendant purposefully availed itself of the privilege of conducting activities within Pennsylvania, Plaintiffs cannot establish specific jurisdiction because this litigation did not arise out of one of those activities. "Identifying some purposeful contact with the forum is but the first step in the specific-jurisdiction analysis. The plaintiffs' claims must also arise out of or relate to at least one of those contacts." *O'Connor*, 496 F.3d at 318. (internal quotations omitted). In their Complaint, Plaintiffs allege that Tina Bomberger's injuries were caused by Defendant's failure to adequately:

(a) Discipline, train, supervise and otherwise direct its agents, servants, workmen and/or employees in the operation of carts;
(b) Ensure that all agents, servants, workmen and/or employees operating carts within the terminal areas are aware of and abide by all safety rules and regulations governing the use of carts at the airport;
(c) Stress the importance of safety procedures to prevent personal injury;
(d) Operate the cart at a safe speed or manner;
(e) Exercise due care with respect to those occupying said cart; and
(f) Exercise a degree of care required by law for the safety of Plaintiffs under the circumstances.

(Compl. ¶ 10.) All of the allegations that serve as the basis for Plaintiffs' cause of action occurred in North Carolina; not in this forum. Thus, Plaintiffs cannot satisfy their burden of establishing that Plaintiffs' claims arose from Defendant's activities in this forum.

**B. The Court Lacks General Personal Jurisdiction Over Defendant.**

The Court lacks general personal jurisdiction over Defendant because Defendant's contacts with Pennsylvania are insufficient to render Defendant essentially at home in Pennsylvania. Plaintiffs argue that this Court may exercise general personal jurisdiction over Defendant because Defendant "has carried on a continuous and systematic part of its general business within [Pennsylvania]." (Pls.' Resp. Def.'s Mot. Dismiss, 10–11, Doc. 7.) The Court disagrees. The United States Supreme Court has made clear that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop*, 564 U.S. at 919 (citation omitted). Continuous and systematic contacts with a forum alone is no longer sufficient to establish general personal jurisdiction over a defendant. *Daimler*, 571 U.S. at 138. Other courts have emphasized this point. In *Brown v. Lockheed Martin*, the United States Court of Appeals

for the Second Circuit, relying on *Daimler*, held that it did not have personal jurisdiction over the defendant, even though the defendant was registered to do business in the forum, leased four business locations in the forum, and employed numerous employees in that state. 814 F.3d 619, 622–23 (2d Cir. 2016). The court concluded that these "continuous and systematic" contacts with the forum were not sufficient to justify general jurisdiction because defendant was not "at home" there. *Id.* In *Martinez*, the United States Court of Appeals for the Ninth Circuit held that general personal jurisdiction was lacking even where the plaintiff established, *inter alia*, that the defendant: 1) had contracts worth between $225 and $450 million to sell airplanes to a company in the forum state; 2) sent representatives to the forum state to attend industry conferences to promote its products; and 3) used its airplanes in the forum state. 764 F.3d at 1070. The Ninth Circuit held that "[t]hese contacts are plainly insufficient to subject [defendant] to general jurisdiction in California." *Id.*

In the present case, Plaintiffs have not made any effort to allege facts that would establish that Defendant's contacts in Pennsylvania are sufficiently continuous and systematic to render Defendant "at home" in this forum. Plaintiffs merely assert, in conclusory fashion, that "Pennsylvania courts may still exercise general personal jurisdiction if the defendant, through a joint venture, has carried on a continuous and systematic part of its general business within the Commonwealth." (Pls.' Resp. Def.'s Mot. Dismiss, 10–11, Doc. 7.) However, even if Plaintiffs could demonstrate that Defendant's contacts with this forum are continuous and systematic, that would not be sufficient to justify exercising jurisdiction over Defendant. *Daimler*, 517 U.S. at 138. This Court has independently reviewed the record and finds that there are absolutely no facts upon which the Court may rely on to justify a finding of general personal jurisdiction. Thus, the Court declines Plaintiffs' invitation to subject Defendant to general personal jurisdiction in this forum.

### C. Transfer Pursuant to 28 U.S.C. § 1631

Transfer of this action is appropriate pursuant to 28 U.S.C. § 1631. The section indicates that when a district court finds that it lacks jurisdiction,

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631; *see Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting that § 1631 permits transfer for lack of in personam jurisdiction); *see also Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 320–23 (D.N.J. 1997) (holding that action could be

5

transferred under § 1631, although neither party invoked that provision). Transferring this case to the Western District of North Carolina is in the interest of justice because more than two years have elapsed since Plaintiffs suffered their initial injuries. (Compl. ¶ 6, Doc. 1.) Plaintiff Tina Bomberger has since passed away and resolution of this matter has already been significantly delayed.[1] Defendant is subject to personal jurisdiction in the Western District of North Carolina because all of the events giving rise to this action occurred in that district. Therefore, this matter "could have been brought" in the Western District of North Carolina "at the time it was filed." 28 U.S.C. § 1631.

IV. CONCLUSION

For the reasons set forth above, the Court will transfer this matter to the United States District Court for the Western District of North Carolina. An appropriate order follows.

---

[1] Plaintiffs suggest that the delay has been caused by Defendant's attorney's attempt to prolong the case in anticipation of Tina Bomberger's death. This tactic, Plaintiffs argue, represents bad faith on the part of Defendant's attorney. (Pls.' Resp. Def.'s Mot. Dismiss, 4, Doc. 7.)